## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **SHARP MEXICAN PARTNERS, LP,** | § | |
| **d/b/a MANNY'S UPTOWN and SHARP** | § | |
| **MEXICAN #8, LLC d/b/a MANNY'S** | § | |
| **LAKEWOOD,** | § | |
| *Plaintiffs,* | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 3:17-cv-01605-B** |
| | § | |
| **REPUBLIC WASTE SERVICES OF** | § | |
| **TEXAS, LTD. d/b/a REPUBLIC** | § | |
| **SERVICES OF DALLAS & d/b/a** | § | |
| **ALLIED WASTE SERVICES OF** | § | |
| **DALLAS,** | § | |
| *Defendant.* | § | |

### PLAINTIFFS' SECOND AMENDED COMPLAINT AND CLASS ACTION[1]

TO THE HONORABLE JUDGE OF SAID COURT:

Come now SHARP MEXICAN PARTNERS, LP d/b/a Manny's Uptown, and SHARP

MEXICAN #8, LLC d/b/a Manny's Lakewood ("Plaintiffs") complaining of REPUBLIC

WASTE SERVICES OF TEXAS, LTD. d/b/a REPUBLIC SERVICES OF DALLAS & d/b/a

ALLIED WASTE SERVICES OF DALLAS ("Defendant"), files this their *Second Amended*

*Complaint and Class Action* and for cause of action would respectfully show unto the Court the

following:

---

[1] Prior to removal, Plaintiffs filed *Plaintiffs' Original Petition and Class Action* and *Plaintiffs' First Amended Petition and Class Action* in state court, this *Plaintiffs' Second Amended Complaint and Class Action* is Plaintiffs' first pleading filed in this Court.

## I.
## <u>AUTHORITY TO FILE AMENDED PLEADING AS A MATTER OF COURSE</u>

1.      On June 23, 2017, Defendant filed *Defendant's 12(b)(6) Motion to Dismiss Plaintiffs' First Amended Petition and Class Action*, ECF No. 6, and *Defendant's Brief in Support of its Motion to Dismiss Plaintiffs' First Amended Petition and Class Action*, ECF No. 8. This was Defendant's first responsive pleading.  Pursuant to Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure, Plaintiffs are able to amend their pleading once as a matter of course within twenty-one (21) days after service of Defendant's 12(b)(6) motion.  This amended pleading is being served within twenty-one (21) days of service of Defendant's 12(b)(6) motion.

## II.
## PARTIES

2.      Plaintiff SHARP MEXICAN PARTNERS, LP d/b/a Manny's Uptown ("Manny's Uptown") is a domestic limited partnership registered to do business in the State of Texas and located at 3521 Oak Grove, Dallas, Texas 75204.

3.      Plaintiff SHARP MEXICAN #8, LLC d/b/a Manny's Lakewood ("Manny's Lakewood") is a limited liability company registered to do business in the State of Texas and located at 6465 E. Mockingbird Ln., Dallas, Texas 75214.

4.      Defendant REPUBLIC WASTE SERVICES OF TEXAS, LTD is a domestic limited partnership doing business as REPUBLIC SERVICES OF DALLAS and also doing business as ALLIED WASTE SERVICES OF DALLAS and is authorized and conducting business in Dallas County, Texas.  REPUBLIC WASTE SERVICES OF TEXAS, LTD. d/b/a REPUBLIC SERVICES OF DALLAS & d/b/a ALLIED WASTE SERVICES OF DALLAS who has answered and may be served through its counsel of record, Melanie K. Okon and Susan Hannagan of Okon Hannagan, PLLC via the Court's ECF system.

## III.
## VENUE

5.    Diversity Jurisdiction exists under 28 U.S.C. § 1332 because Plaintiffs and Defendant are citizens of different states.

6.    Venue is proper in this Court because the events made the basis of Plaintiffs' claims occurred within the Northern District of Texas, Dallas Division.

## IV.
## STATEMENT OF FACTS

7.    Plaintiffs assert the following Statement of Facts which, in addition to other facts, supports Plaintiffs' causes of actions set out herein.

8.    Plaintiffs are restaurant entities operating in Dallas County, Texas. Plaintiffs contracted with Defendant REPUBLIC WASTE SERVICES OF TEXAS, LTD. d/b/a REPUBLIC SERVICES OF DALLAS & d/b/a ALLIED WASTE SERVICES OF DALLAS ("Defendant" or "Republic") for the collection, transportation, and disposal of all of Plaintiffs' non-hazardous solid waste materials. Defendant Republic and its affiliated entities provide such services for commercial, industrial, municipal, and residential customers across 41 states and Puerto Rico.

9.    In order to be eligible for waste-collection services from Republic, Plaintiffs were required to sign a Customer Service Agreement that is two pages long (the "Agreement"), which provides for a monthly rate for Republic's services, for a period of three years. The first page contains specific information about the Plaintiff, the contracted service and the supposed associated costs. The second page contains thirteen fine-print paragraphs.

10.    The first page of the Agreement ambiguously sets forth various costs to be imposed on Defendant's customer, including "monthly service" costs, "one time charges," and

"additional charges." Included under "additional charges" is a nine-dollar ($9.00) charge for "container refresh" services. The Agreement does not provide any information or indication as to how often the Container Refresh fee is due (i.e., whether the charge is monthly, a one-time charge, or billed differently).

11.     Contained within the last paragraph of the contract is a statement regarding "Container Refresh," which states:

> If service to Customer includes Container Refresh, Customer is limited to requesting one exchange of each participating container every twelve months of paid enrollment; any additional exchange is subject to Company's standard container exchange fee. Customer agrees that during any enrollment year in which Customer receives an exchange under the program, any service change request by Customer to cancel Container Refresh will not be effective until Customer completes payment for twelve (12) consecutive months of enrollment in the program.

12.     Plaintiffs have never enrolled in the Container Refresh Program.

13.     Plaintiffs have never requested a container exchange.

14.     Plaintiffs are billed every month for this Container Refresh fee, which is a program in which Plaintiffs did not enroll, and for services Plaintiffs have never requested nor received. Nevertheless, Plaintiffs have paid, and continue to pay, the Container Refresh fee to Defendant.

**V.**
**CAUSES OF ACTION**

**Count A – Breach of Contract**

15.     Plaintiffs incorporate by reference and re-allege all allegations of this Complaint and would further show that the occurrence made the basis of this lawsuit referred to in this Complaint and Plaintiffs' resulting damages were proximately caused by Defendant's breach of contract.

16.    Breach of contract requires:

    i.    There is a valid, enforceable contract;
    ii.    The plaintiff is a proper party to sue for breach of the contract;
    iii.    The plaintiff performed, tendered performance of, or was excused from performing its contractual obligations;
    iv.    The defendant breached the contract; and
    v.    The defendant's breach caused the plaintiff injury.

17.    Plaintiffs each have signed valid, enforceable contracts with Defendant and have performed their obligations under the same.

18.    Defendant has breached the contract between it and Plaintiff in various ways, including, but not limited to:

    a.    Invoicing Plaintiffs for services Plaintiffs did not request or receive;

    b.    Concealing the true nature of the Refresh Fee charged to Plaintiffs, i.e., that the charge was to be imposed on Plaintiffs monthly;

    c.    Charging Plaintiffs monthly for the Refresh Fee when the contract does not indicate the Refresh Fee to be a monthly charge.

19.    Said breach of contract has proximately caused the occurrence made the basis of this action and Plaintiffs' damages, locking Plaintiffs into a thirty-six (36) month contract and forcing Plaintiffs to pay the monthly Container Refresh fee for a service Plaintiffs neither requested nor received.

## Count B – Fraud by Nondisclosure

20.    Plaintiffs incorporate by reference and re-allege all allegations of this Complaint and would further show that the occurrence made the basis of this lawsuit referred to in this Complaint and Plaintiffs' resulting damages were proximately caused by Defendant's fraud by nondisclosure.

21.    Fraud by nondisclosure requires the following:

  i. The defendant failed to disclose certain facts to the plaintiff;
  ii. The defendant had a duty to disclose the facts to the plaintiff;
  iii. The facts were material;
  iv. The defendant knew:
    a. The plaintiff was ignorant of the facts; and
    b. The plaintiff did not have an equal opportunity to discover the facts;
  v. The defendant was deliberately silent when it had a duty to speak;
  vi. By failing to disclose the facts, the defendant intended to induce the plaintiff to take some action or refrain from acting;
  vii. The plaintiff relied on the defendant's nondisclosure;
  viii. The plaintiff was injured as a result of acting without the knowledge of undisclosed facts.

22. Defendant had a duty to disclose the information to Plaintiffs because Defendant partially disclosed the information to Plaintiffs, which created a substantially false impression. Specifically, Defendant failed to disclose that Plaintiffs would be billed monthly for a service Plaintiffs were not receiving, and did not request, which created a substantially false impression on the part of Plaintiffs.

23. Defendant surreptitiously enrolled Plaintiffs into the Container Refresh program, which is nothing more than an insurance policy for Defendant that covers the cost of a $75.00 container exchange. In the off chance that a customer would actually need to replace their dumpster for a prettier one, according to Defendant, the customer would be required to pay $108 ($9.00/month for 12 months) for something that, according to the terms of the Agreement, would cost the customer $75.00 if the customer was not enrolled in the Container Refresh program.

24. Further, Defendant had a duty to disclose the information to Plaintiffs because Defendant voluntarily disclosed some of the information to Plaintiffs. Specifically, Defendant, through the fine print in the Agreement, disclosed the existence of a Container Refresh program, but never gave Plaintiffs the option of choosing to enroll in the program. Additionally, the Agreement between Defendant and Plaintiffs ambiguously sets forth the Container Refresh fee, which is located in between "monthly service" fees and "one time charges."

PLAINTIFFS' SECOND AMENDED COMPLAINT AND CLASS ACTION– Page 6 of 23
PLED Fed Complaint AMD2

25.    The Agreement fails to include any indication that the Container Refresh fee is a monthly service fee, which the Agreement could have easily done in various ways including, but not limited to, including the Container Refresh in the monthly service column. Thus, Plaintiffs had no information provided by the Agreement that the Container Refresh was a monthly service fee and were misled by the terms of the Agreement, all while Defendant undoubtedly was aware the fee would be billed monthly to Plaintiffs.

26.    Plaintiffs relied on the costs set forth in the Agreement – which did not indicate the Container Refresh fee was a monthly charge – when deciding to contract with Defendant. As a result, Plaintiffs are now locked into thirty-six (36) month contracts with Defendant and are forced to pay for a service Plaintiffs neither requested nor receive.

27.    By deliberately remaining silent, Defendant induced Plaintiffs into singing the Agreement, locking Plaintiffs into a thirty-six (36) month contract and forcing Plaintiffs to pay the monthly Container Refresh fee for a service Plaintiffs neither requested nor received. Defendant's actions have directly and proximately caused the occurrence made the basis of this action and Plaintiffs' damages in excess of the minimum jurisdictional limits of the Court.

### Count C – Fraudulent Inducement

28.    Plaintiffs incorporate by reference and re-allege all allegations of this Complaint and would further show that the occurrence made the basis of this lawsuit referred to in this Complaint and Plaintiffs' resulting damages were proximately caused by Defendant's fraudulent inducement.

29.    Fraudulent inducement requires the following:

  i.    Defendant made a representation to plaintiff;
  ii.    The representation was material;
  iii.   The representation was false;
  iv.    When defendant made said representation, defendant:

        a.  Knew the representation was false; or
        b.  Made the representation recklessly, as a positive assertion, and without knowledge of its truth;
    v.    Defendant made the representation with the intent that the Plaintiff act on it;
    vi.   Plaintiff relied on the representation; and
    vii.  The representation caused the plaintiff injury.

30.     Defendant, through Defendant's sales representatives and account managers, made misrepresentations of material facts to the Plaintiffs regarding the rates at which Plaintiffs would be charged for the service provided by Defendant in order to induce Plaintiffs into signing the Agreement. Defendant ambiguously set forth the charges to be imposed on Plaintiffs in the Agreement and failed to indicate that the Container Refresh fee was going to be billed to Plaintiffs monthly, despite Defendant knowing the Container Refresh fee was to be imposed monthly.

31.     Defendant knew the statements were false when made, and intended Plaintiffs to rely upon these representations and/or failures to disclose, on which Plaintiffs did detrimentally rely. These misrepresentations included, but are not limited to:

        a.  Representing the Container Refresh program to be optional and receiving a container refresh, and the accompanying fee, was in the customer's discretion;

        b.  Representing monthly costs to be billed to Plaintiffs without indicating the Container Refresh fee was to be a monthly obligation.

32.     The false representations and concealment of the true facts regarding the Container Refresh program were done in order to induce potential customers, including Plaintiffs, into contracting for services with Defendant. Defendant includes the charges on the Agreement solely for the purpose of having customers act on this information by signing the agreement.

33.     Relying on the costs as represented by the Agreement, which fails to indicate the monthly nature of the Container Refresh fee, Plaintiffs signed the Agreement with Defendant. Had Plaintiffs known the true nature of Defendant's pricing structure, including Defendant's ability to unilaterally and arbitrarily invoice Plaintiffs for services Plaintiffs were not receiving nor requesting in order to obtain Defendant's desired profit margins, Plaintiffs would not have contracted with Defendant for waste disposal services.

34.     Defendant knew the representations were false or such representations were made recklessly without any knowledge as to the truth and the representations were made knowing the Plaintiffs would rely on them.  In fact, the only reason the representations were made was for the purpose of inducing Plaintiffs to sign the Agreement.  As a direct and proximate result of Defendants false representations and concealment of the true facts, Plaintiffs have been locked into thirty-six (36) month contracts with Defendant, and Plaintiffs have been billed monthly for Container Refresh fees, have paid the same, continue to be billed for the Container Refresh fees, and will continue to pay the same.

## VI.
## DISCOVERY RULE AND FRAUDULENT CONCEALMENT

35.     Plaintiffs incorporate by reference and re-allege all allegations of this Complaint.

36.     Plaintiffs hereby invoke the discovery rule and the doctrine of fraudulent concealment for the tolling of the statute of limitations in this matter.

37.     Plaintiffs did not discover, and should not, in the exercise of reasonable diligence, have discovered the occurrence of the false, fraudulent, misleading or deceptive acts, fraudulent concealment or unconscionable actions and courses of action alleged in this Complaint prior to the applicable statutory time frame for bringing suit and such suit was therefore timely filed. Plaintiffs' injuries were inherently undiscoverable and objectively verifiable.

## VII.
## DAMAGES

38.     Plaintiffs incorporate by reference and re-allege all allegations of this Complaint and would further show that Plaintiff seeks any and all damages whatsoever and including, but not limited to, actual, punitive, exemplary, and statutory damages available and recoverable under statute and common law resulting from the actions of Defendant supporting Plaintiffs' damages.  Plaintiffs seek monetary relief over $100,000.00 but not more than $200,000.00 at the present.  However, as discovery progresses, the claim could be over $200,000.00.

## VIII.
## PREJUDGMENT/POST-JUDGMENT INTEREST

39.     Plaintiffs incorporate by reference and re-allege all preceding sections of this Complaint and would further show that many of their damages may be determined by known standards of value and accepted rules of interest as damages during the period beginning on the 180th day after the date Defendant received notice of the claim or on the day suit was filed, whichever occurred first, and ending on the day preceding the date judgment is rendered, or as the Court otherwise directs, calculated at the legal rate, or as otherwise set by the Texas Finance Code, any statute, or the common law.

## IX.
## NOTICE/CONDITIONS PRECEDENT

40.     All conditions precedent necessary to maintain this action have been performed or have occurred.  Alternatively, Defendants have wholly waived and are estopped to assert all rights to any conditions precedent.

## X.
## ALTERNATIVE PLEADING

41.     All pleadings herein, if inconsistent, are made pursuant to Rule 8(d)(3) of the Federal Rules of Civil Procedure.

## XI.
## JURY DEMAND

42.     Plaintiffs previously demanded a jury in their state court petition that was removed to this Court and Plaintiffs incorporate said demand into this Complaint.

## XII.
## PLAINTIFFS' ORIGINAL CLASS ACTION

43.     Come now SHARP MEXICAN PARTNERS, LP d/b/a MANNY'S UPTOWN, and SHARP MEXICAN #8, LLC d/b/a MANNY'S LAKEWOOD, ("Plaintiffs") and file this their Second Amended Class Action Complaint, as the Class Representatives, complaining of REPUBLIC WASTE SERVICES OF TEXAS, LTD. d/b/a REPUBLIC SERVICES OF DALLAS & d/b/a ALLIED WASTE SERVICES OF DALLAS, and for cause of action would respectfully show unto the Court the following:

## XIII.
## THE PARTIES

44.     Plaintiffs SHARP MEXICAN PARTNERS, LP d/b/a MANNY'S UPTOWN, and SHARP MEXICAN #8, LLC d/b/a MANNY'S LAKEWOOD, (collectively, "Plaintiffs"), are restaurant entities located within the State of Texas.  Plaintiffs are Members of the Class defined herein and seek to be certified as Class Representatives of this Class.

45.     Defendant REPUBLIC WASTE SERVICES OF TEXAS, LTD. d/b/a REPUBLIC SERVICES OF DALLAS & d/b/a ALLIED WASTE SERVICES OF DALLAS ("Republic" or

"Class Defendant") is a domestic limited partnership engaged in business of waste collection in the State of Texas.

## XIV.
## STATEMENT OF CLASS FACTS

46.    This action seeks to recover damages suffered by Plaintiffs and the Members of the Class, as a result of Class Defendant's breach of contract, fraud by nondisclosure, and fraudulent inducement. Plaintiffs and putative class members are all Dallas County, Texas residents who have contracted with Class Defendant for waste collection services.

47.    At all times pertinent herein, Plaintiffs have been in a contract with Class Defendant for the collection, transportation, and disposal of all of Plaintiffs' non-hazardous solid waste materials. Class Defendant Republic and its affiliated entities provide such services for commercial, industrial, municipal, and residential customers across 41 states and Puerto Rico.

48.    In order to be eligible for waste-collection services from Class Defendant, customers are required to sign a Customer Service Agreement (the "Agreement") that is two pages long, which provides a monthly rate for Class Defendant's services for a period of three years. The first page of the Agreement ambiguously sets forth various costs to be imposed on Defendant's customer, including "monthly service" costs, "one time charges," and "additional charges." Included under "additional charges" is a nine-dollar ($9.00) charge for "container refresh" services. The Agreement does not provide any information or indication as to how often the Container Refresh fee is due (i.e., whether the charge is monthly, a one-time charge, or billed differently).

49.    Contained within the last paragraph of the contract is a statement regarding "Container Refresh," which states:

If service to Customer includes Container Refresh, Customer is limited to requesting one exchange of each participating container every twelve months of paid enrollment; any additional exchange is subject to Company's standard container exchange fee. Customer agrees that during any enrollment year in which Customer receives an exchange under the program, any service change request by Customer to cancel Container Refresh will not be effective until Customer completes payment for twelve (12) consecutive months of enrollment in the program.

50.    Class Defendant has created a system whereby Class Defendant charges customers for services the customers are not requesting nor receiving.

51.    Defendant surreptitiously enrolls Class Plaintiffs into the Container Refresh program, which is nothing more than an insurance policy for Defendant, that covers the cost of a $75.00 container exchange. In the off chance that a customer would actually need to replace their dumpster for a prettier one, according to Defendant, the customer would be required to pay $108 ($9.00/month for 12 months) for something that, according to the terms of the Agreement, would cost the customer $75.00 if the customer was not enrolled in the Container Refresh program.

52.    Class Defendant provides for an optional Container Refresh program, through which customers may request a new waste container for a fee. Class Defendant is charging customers this monthly fee without the customer requesting enrollment in the program and without the customer receiving the services for which the fee is intended. Class Defendant has failed to inform Class Plaintiffs of the monthly charge associated with the Container Refresh fee.

53.    Class Defendant is artificially and fraudulently increasing costs to their customers in order to increase profit margins Class Defendant deems to be acceptable.

## XV.
## PUTATIVE CLASS MEMBERS

54.    At all times pertinent herein, all members of the putative class also had in full force and effect identical or near identical contracts with Class Defendant Republic.

55.    Class Defendant has fraudulently induced Class Plaintiffs into signing an adhesion contract to be eligible for services from Class Defendant.  Class Defendant then begins invoicing customers for a Container Refresh program without presenting the customer the option to enroll in the program, without providing container refresh services to the customer, and without notice of the monthly obligation associated with the Container Refresh program.

56.    Class Defendant has fraudulently induced Class Plaintiffs into signing Class Defendant's adhesion contract for services.  Class Defendant has artificially and fraudulently imposed costs on Class Plaintiffs for services Class Plaintiffs have neither requested nor received.

57.    Class Defendant has breached its contract with Class Plaintiffs in various ways, including but not limited to, adding fees to Class Plaintiffs' invoices which were not rightfully owed by Class Plaintiffs.

58.    Class Defendant fraudulently failed to disclose pertinent information to Class Plaintiffs including, but not limited to:

   a. refresh charges would be charged without a customer requesting enrollment in the container refresh program;

   b. refresh charges would be charged without a customer receiving a container refresh;

   c. refresh charges would be charged monthly.

59.    Class Defendant fraudulently induced Class Plaintiffs into contracting for services with Defendant in various ways, including, but not limited representing to, Class Plaintiffs that enrollment in the Container Refresh program was optional and customers would receive container refreshes, and be billed for the same, at the discretion of the customer. Had Class Plaintiffs known the true nature of Class Defendant's container refresh program, including Republic's ability to

unilaterally and arbitrarily invoice charges for services not requested or received, to obtain its desired profit margin, Class Plaintiffs would not have contracted with Class Defendant for waste disposal services.

## XVI.
## CLASS ACTION ALLEGATIONS

60.      This action is brought under Rule 23 of the Federal Rules of Civil Procedure. Class Representative Plaintiffs believe Class Defendant's conduct has been systematic and continuous and has affected many of Class Defendant's customers over time.

61.      Class Representative Plaintiffs bring this Class Action to secure redress for:

    a. Class Defendant unilaterally enrolling customers into a Container Refresh program without the customers' consent;

    b. Class Defendant unilaterally imposing fees on customers for services that clients were not receiving; and

    c. Class Defendant concealing the recurring nature of the Container Refresh fee.

62.      Class Defendant's obligations and conduct has been uniform throughout the Class Period. Class Representative Plaintiffs bring this action individually and on behalf of all persons similarly situated and seek certification of the following Class:

    a. All entities in Dallas County, Texas:

        i. who have been fraudulently induced into entering into an adhesion contract with Class Defendant;

        ii. who have been enrolled in the Container Refresh program without consent;

        iii. who have been invoiced for Container Refresh services that are not received.

    b.  Excluded from the Class are:

        i.  Class Defendant's parents, affiliates, subsidiaries as well as Class Defendant's employees, servants, officers, directors and members of the immediate families of such persons;

        ii.  the presiding and any visiting and appellate judges in this case and all relatives of such judges within three degrees of consanguinity;

        iii.  any client of Class Defendant who was not fraudulently induced into entering into an adhesion contract with Class Defendant, or who has not incurred charges for which the client was not responsible, or who has not been held responsible for fees that were artificially and unilaterally increased by Class Defendant.

### *Common Issues Predominate*

63.    There is a well-defined community of interest in the questions of law and fact among the representative Plaintiffs and the Class Plaintiffs in that Class Defendant has acted in a manner generally applicable to the entire class.

64.    The predominant and common questions of law and fact as to each of the class members and the plaintiffs include, but are not limited to:

    a.  Is Class Defendant fraudulently inducing Class Plaintiffs into entering into an adhesion contract?

    b.  Is Class Defendant arbitrarily and unilaterally enrolling customers into the Container Refresh program?

    c.  Is Class Defendant fraudulently imposing refresh charges on customers who have not ordered or received a container refresh?

d.  Is Class Defendant fraudulently not disclosing pertinent facts regarding the Container Refresh program to Class Plaintiffs?

### *Numerosity*

65.    Membership in the class is so numerous that it is impractical to bring all class members before the Court. The exact number of class members is unknown, but can be determined from the records maintained by Class Defendant.

### *Typicality*

66.    The claims of Plaintiffs are typical of the claims of the class. Plaintiffs' claims are based on the same common facts, including the same contract with Class Defendant, applicable to all its clients, and the same legal theories. The common questions of law and fact alleged above are shared by the Plaintiffs and Class Plaintiffs, and the determination of said common questions is largely dispositive of the case other than mathematical and formulaic calculations based on Class Defendant's own adjustments.

### *Adequacy of Representation*

67.    Plaintiffs will fairly and adequately protect the interests of the Class Plaintiffs and have retained counsel experienced and competent in the handling of class actions, multiparty litigation, and/or complex litigation. Plaintiffs have no interests which are contrary to or in conflict with those of Class Plaintiffs.

### *Ascertainability*

68.    The number and identity of the members of the Class are readily determinable from the records of Class Defendant. Class Plaintiffs may be notified of the pendency of this class action by mail. Their addresses are readily available through Class Defendant's records.

### *Risk of Inconsistent Adjudications*

69.     The prosecution of separate actions by Class Plaintiffs would create a risk of inconsistent and varying adjudications concerning the subject of this action which could establish incompatible standards of conduct for Class Defendant.

### *Manageability*

70.     This action will cause an orderly and expeditious administration of class claims, economies of time, effort and expense will be fostered, and uniformity of decisions will be ensured. This action should present no difficulty which would impede its management by the Court as a class action and is the best available means by which Plaintiffs and Class Plaintiffs can seek redress for the harm caused to them by Class Defendant.

### *Superiority*

71.     The determination by the Court of the above common questions as to the entire class and the fact that there would remain only mathematical and formulaic calculations as to individual class members makes the handling of the case as a class action vastly superior to the prospect of many hundreds, or thousands, of separate cases seeking the same relief.

72.     On the other hand, denial of class treatment would certainly result in numerous clients of Class Defendant not pursuing their rightful claims by individual actions due to lack of financial ability to hire counsel, relative size of their claim, or ignorance of their claim.  Class treatment of these claims is superior, procedurally and legally, to the alternatives of a multitude of individual clients' claims along with a massive number of unpursued, but meritorious, claims which would simply reward the Defendant for its improper conduct toward its clients.

### XVII.
### CLASS COUNT A: BREACH OF CONTRACT

73.     Class Representative Plaintiffs re-allege, on behalf of Class Plaintiffs the allegations contained in the previous paragraphs as if set forth fully herein.

74.     Plaintiffs and the members of the Class entered into contracts with Class Defendant whereby Class Defendant was to provide waste disposal services for Class Plaintiffs.

75.     Plaintiffs and members of the Class have complied with all conditions precedent required to be entitled to relief under said contract.

76.     Class Defendant breached the provisions of its contracts with Plaintiffs and Class Plaintiffs by:

      a. enrolling Plaintiffs and Class Plaintiffs into the Container Refresh program without the consent of Plaintiffs and Class Plaintiffs;

      b. concealing the fact that the Container Refresh program would be billed to Class Plaintiffs monthly;

      c. charging Plaintiffs and Class Plaintiffs Container Refresh fees for services Plaintiffs and Class Plaintiffs neither received nor requested.

77.     As a direct and foreseeable consequence of the foregoing, Plaintiffs and the members of the Class have been damaged in an amount within the jurisdictional limits of the Court by Class Defendant locking Class Plaintiffs into a thirty-six (36) month contract and charging Class Plaintiffs for services Class Plaintiffs never requested nor received.

## XVIII.
## CLASS COUNT B: FRAUD BY NONDISCLOSURE

78.     Class Representative Plaintiffs re-allege, on behalf of Class Plaintiffs the allegations contained in the previous paragraphs as if set forth fully herein.

79.     Plaintiffs and the members of the Class entered into contracts with Class Defendant whereby Class Defendant was to provide waste disposal services for Class Plaintiffs.

80.     Plaintiffs and members of the Class have complied with all conditions precedent required to be entitled to relief under said contract.

81.    Class Defendant had a duty to disclose information to Plaintiffs and members of the Class because Class Defendant partially disclosed information, which created a substantially false impression.  Class Defendant provided to Plaintiffs and members of the Class information regarding an optional Container Refresh program, which created a substantially false impression on the part of Plaintiffs and members of the Class.

82.    Specifically, Class Defendant, through the fine print in the Agreement, disclosed the existence of a Container Refresh program, but never gave Class Plaintiffs the option of choosing to enroll in the program.  Additionally, the Agreement ambiguously sets forth the Container Refresh fee in between "monthly service" fees and "one time charges," thereby not providing Class Plaintiffs any indication that the Container Refresh fee would be imposed monthly.

83.    As a direct and foreseeable consequence of the foregoing, Plaintiffs and the members of the Class have been damaged in an amount within the jurisdictional limits of the Court.

## XIX.
## CLASS COUNT C: FRAUDULENT INDUCEMENT

84.    Class Representative Plaintiffs re-allege, on behalf of Class Plaintiffs the allegations contained in the previous paragraphs as if set forth fully herein.

85.    Plaintiffs and the members of the Class entered into contracts with Class Defendant whereby Class Defendant was to provide waste disposal services for Class Plaintiffs.

86.    Plaintiffs and members of the Class have complied with all conditions precedent required to be entitled to relief under said contract.

87.    Class Defendant has made misrepresentations of material facts to the Plaintiffs and members of the Class regarding the optional Container Refresh program provided by Class

Defendant. Class Defendant knew the statements were false when made, and intended Plaintiffs and members of the Class to rely upon these representations and/or failures to disclose, on which Plaintiffs and members of the Class did detrimentally rely. The misrepresentations included, but are not limited to:

      a.   representing the Container Refresh program to be optional;

      b.   representing the Container Refresh charges would be imposed when a customer requested a container refresh; and

      c.   not representing the true nature of the container refresh fee.

88.     The false representations and concealment of the true facts regarding invoices and pricing were done in order to induce potential customers, including Plaintiffs and members of the Class, into contracting for services with Defendant. Had Plaintiffs and members of the Class known the true nature of Class Defendant's Container Refresh program, including Class Defendant's ability to unilaterally and arbitrarily impose refresh fees on customers, Plaintiffs and members of the Class would not have contracted with Defendant for waste disposal services.

89.     As a direct and foreseeable consequence of the foregoing, Plaintiffs and members of the Class have been damaged in an amount within the jurisdictional limits of the Court.

## XX.
## DEMAND FOR JURY TRIAL

90.     Plaintiffs and members of the Class demanded a jury trial in their state court petition that was removed to this Court and Plaintiffs and members of the Class hereby incorporate said demand in this Complaint.

# XXI.
# PRAYER

91.    Plaintiffs and members of the Class have incurred economic damages as a result of Class Defendant's conduct as described above.  As a result, Plaintiffs and the members of the Class are entitled to and pray for the following damages:

      a.   Judgment against Class Defendant for actual damages;

      b.   Judgment against Class Defendant for any other damages allowed by law, including, but not limited to, exemplary, punitive, statutory, and treble damages;

      c.   A reasonable sum for Attorneys' fees with conditional sums for the services of Plaintiffs' and the Class' attorney in the event of subsequent appeals;

      d.   Pre-judgment interest;

      e.   Post-judgment interest;

      f.   Costs of court;

      g.   Litigation expenses, including expert fees, costs for copies of depositions, copy costs, costs of court, etc. pursuant to V.T.C.A. Bus. & Comm. Code § 27.01(e); and

      h.   Such other and further relief to which Plaintiffs and the members of the Class may be entitled at law or in equity, whether pled or unpled.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request that the Court certify this case as a Class Action, that Plaintiffs' counsel be appointed as Class Counsel, and that judgment be entered for Plaintiffs and the Class against Defendant for damages as described above and for such other and further relief whether at law or in equity, to which they and the Class may show themselves justly entitled.

Respectfully submitted,

EVAN LANE (VAN) SHAW
State Bar No. 18140500
JEREMY B. (BEAU) POWELL
State Bar No. 24099163
DAVID J. WELCH
State Bar No. 24098593
LAW OFFICES OF VAN SHAW
2723 Fairmount
Dallas, Texas 75201
(214) 754-7110
FAX NO. (214) 754-7115
van@shawlaw.net
beau@shawlaw.net
david@shawlaw.net

**and**

ROBERT WEINBERG
State Bar No. 21084800
1212 Dolton Drive
Suite 308
Dallas, Texas 75207
(214) 520-3025
rweinberg@whitsonwells.com

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing instrument was served upon the attorneys of record of all parties to the above cause in accordance with the Rules of Civil Procedure, on this ____ day of July 2017.

Jeremy B. (Beau) Powell