# United States District Court
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHARP MEXICAN PARTNERS, LP, d/b/a MANNY'S UPTOWN, et al. | § § § § § | |
| v. | § | CIVIL ACTION NO. 3:17-CV-1605-S |
| REPUBLIC WASTE SERVICES OF TEXAS, LTD. d/b/a REPUBLIC SERVICES OF DALLAS & d/b/a ALLIED WASTE SERVICES OF DALLAS | § § § § § § § | |

## MEMORANDUM OPINION AND ORDER

This Order addresses the Motion to Dismiss Plaintiffs' Second Amended Complaint and Class Action filed by Defendant Republic Waste Services of Texas, Ltd. ("Republic") [ECF No. 20]. For the following reasons, the Court grants in part and denies in part the motion.

### I. BACKGROUND

Pursuant to Special Order 3-318, this case was transferred from the docket of Judge Jane J. Boyle to the docket of this Court on March 8, 2018.

This case arises out of a contract dispute between Republic, a waste collection service provider, and Manny's Uptown and Manny's Lakewood (collectively, "Manny's" or "Plaintiffs"), two restaurant entities operating in Dallas County, Texas. Manny's contracted with Republic for the collection, transportation, and disposal of all of Manny's non-hazardous solid waste materials. Am. Compl. ¶ 8.

Manny's signed a two-page Customer Service Agreement (the "Agreement") as a precondition to receiving Republic's services. *Id.* ¶ 9. The Agreement provides for a monthly rate for

Republic's services for a term of three years. *Id.* The first page of the Agreement contains information about the restaurant receiving the services, the contracted service, and the associated costs. *Id.* The costs are broken down into three categories: "monthly service" costs, "one time charges," and "additional charges." *Id.* ¶ 10.

Manny's Uptown alleges that Republic unilaterally added a Container Refresh fee onto its monthly invoice in February 2016. *Id.* ¶ 12. Manny's Uptown claims that it never consented to the charge and that nothing in its contract with Republic contemplated such a charge being imposed. *Id.* Manny's Uptown paid the fee for nine months before signing a new contract with Republic. *Id.* According to Manny's Uptown, the new contract included ambiguous language regarding the Container Refresh program. *Id.* Included in the "additional charges" category of the new Agreement is a nine-dollar charge for "Container Refresh" services. *Id.* The last paragraph of the contract explains the Container Refresh program:

> If service to Customer includes Container Refresh, Customer is limited to requesting one exchange of each participating container every twelve months of paid enrollment; any additional exchange is subject to Company's standard container exchange fee. Customer agrees that during any enrollment year in which Customer receives an exchange under the program, any service change request by customer to cancel Container Refresh will not be effective until Customer completes payment for twelve (12) consecutive months of enrollment in the program.

*Id.* ¶ 11.

Both plaintiffs allege that they never requested enrollment in the program and have never requested a container exchange. *Id.* ¶¶ 13-14. Yet, they are billed every month for the container refresh fee. *Id.* ¶ 15.

Based on the disputed Container Refresh fee, Plaintiffs bring claims for breach of contract, fraud by nondisclosure, and fraudulent inducement. Republic moved to dismiss

the class action claims or, in the alternative, to disqualify Plaintiffs' counsel. Further, Republic moved to dismiss all of Plaintiffs' causes of action as barred and/or for failure to state a claim.

## II.     LEGAL STANDARDS

### A.     *The Rule 12(b)(6) Standard*

To defeat a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008). To meet this "facial plausibility" standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plausibility does not require probability, but a plaintiff must establish "more than a sheer possibility that a defendant has acted unlawfully." *Id.* The court must accept well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). However, the court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citations omitted).

In ruling on a Rule 12(b)(6) motion, the court limits its review to the face of the pleadings. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). The pleadings include the complaint

and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). However, the court may also consider documents outside of the pleadings if they fall within certain limited categories. First, the "court is permitted . . . to rely on 'documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'" *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). Second, the "court may consider documents attached to a motion to dismiss that 'are referred to in the plaintiff's complaint and are central to the plaintiff's claim.'" *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2010) (quoting *Scanlan v. Tex. A & M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003)). Third, "[i]n deciding a 12(b)(6) motion to dismiss, a court may permissibly refer to matters of public record." *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994) (internal citations omitted); *see also, e.g., Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (stating, in upholding district court's dismissal pursuant to Rule 12(b)(6), that "the district court took appropriate judicial notice of publicly-available documents and transcripts produced by the [Food and Drug Administration], which were matters of public record directly relevant to the issue at hand." (internal citations omitted)).

The ultimate question is whether the complaint states a valid claim when viewed in the light most favorable to the plaintiff. *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002). At the motion to dismiss stage, the court does not evaluate the plaintiff's likelihood of success. It only determines whether the plaintiff has stated a claim upon which relief can be granted. *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977).

### B. *The Rule 9(b) Standard*

When a complaint alleges fraud, the plaintiff must plead the elements of its claims with the heightened particularity required by Rule 9(b). *See, e.g., Coates v. Heartland Wireless Commc'ns,*

*Inc.*, 26 F. Supp. 2d 910, 914 (N.D. Tex. 1998). Rule 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "At a minimum, Rule 9(b) requires allegations of the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003) (quoting *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1139 (5th Cir. 1992)). Put simply, Rule 9(b) requires the "who, what, when, where, and how" of the fraud. *U.S. ex rel. Williams v. Bell Helicopter Textron Inc.*, 417 F.3d 450, 453 (5th Cir. 2005) (quoting *U.S. ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997)).

## III. ANALYSIS

### A. *Class Action Allegations*

As an initial matter, Plaintiffs object to certain evidence attached to Republic's Motion to Dismiss. Plaintiffs' request that the Court strike the evidence is denied.

Class allegations may be dismissed pursuant to a Rule 12(b)(6) motion to dismiss if the nonexistence of an ascertainable class of persons to be represented is "facially apparent from the pleadings." *John v. Nat'l Sec. Fire & Cas. Co.*, 501 F.3d 443, 445 (5th Cir. 2007). Under this standard, Republic argues that this Court should dismiss Plaintiffs' class action allegations at the motion to dismiss stage because Plaintiffs' claims are not "typical of the claims . . . of the class." Def.'s Br. 7 (quoting FED. R. CIV. P. 23(a); *Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*, 568 U.S. 455, 462 (2013)). Further, Republic contends that Plaintiffs cannot "fairly and adequately protect the interests of the class" because Plaintiffs' lead counsel, Evan Shaw ("Shaw"), is a Limited Partner of Manny's Uptown, a Director of Sharp Mexican, Inc., and a Managing Member of

Manny's Lakewood. *Id.* The Court finds that the typicality and representativeness analyses are best left to the class certification stage and declines to dismiss Plaintiffs' class action allegations at this time.

In the alternative, Republic argues that Shaw should be disqualified as counsel for the class. "[A]ttorneys who are partners or spouses of named plaintiffs, or who themselves are members of the class of plaintiffs should be subject to a per se rule of disqualification under Canon 9 and should not be permitted to serve as counsel for the class." *Zylstra v. Safeway Stores, Inc.*, 578 F.2d 102, 104 (5th Cir. 1978). The Court finds that the per se rule of disqualification established in *Zylstra* does not apply in this case at this time. Whether Shaw is adequate counsel for the class is an issue to be analyzed if a class is certified.

### B. *Breach of Contract*

Republic contends that Plaintiffs have failed to state a claim for breach of contract. Under Texas law, the elements of a breach of contract claim are: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages to the plaintiff resulting from the breach." *Frazin v. Hanley*, 130 S.W.3d 373, 376 (Tex. App.—Dallas 2004, no pet.) (citing *Kay v. N. Tex. Rod & Custom*, 109 S.W.3d 924, 927 (Tex. App.—Dallas 2003, no pet.)). The Court finds Plaintiffs' pleadings sufficient and denies Republic's motion to dismiss Plaintiffs' breach of contract claim.

### C. *Fraud by Nondisclosure*

Republic moves to dismiss Plaintiffs' fraud by nondisclosure claim because it is barred by the economic loss doctrine, because Plaintiffs have failed to state a claim, and/or because Plaintiffs failed to plead with the particularity required by Rule 9(b). Because the economic loss doctrine issue is dispositive, the Court need not reach the latter grounds for Republic's motion.

Texas's economic loss rule precludes a plaintiff from proceeding with a tort cause of action "when a plaintiff alleges only an economic loss arising out of a contractual relationship between the parties." *Sanghera v. Wells Fargo Bank, N.A.*, Civ. A. No. 3:10-CV-2414-B, 2012 WL 555155, at *5 (N.D. Tex. Feb. 21, 2012) (citing *Belanger v. BAC Home Loans Servicing, L.P.*, No. W11-CA-00086, 2011 WL 6987152, at *3 (W.D. Tex. Dec. 9, 2011)). In determining whether the economic loss doctrine precludes a particular tort claim, Texas courts "look to the source of the duty allegedly violated and the nature of the claimed loss." *El Paso Mktg., L.P. v. Wolf Hollow I, L.P.*, 383 S.W.3d 138, 143 (Tex. 2012) (citing *Sw. Bell Tel. Co. v. DeLanney*, 809 S.W.2d 493, 494-95 (Tex. 1991)).

Applying these standards to the facts of the instant case, the Court finds that the economic loss doctrine bars Plaintiffs' fraud by nondisclosure claim. The source of the duty allegedly violated is the Agreement. In the Amended Complaint, Plaintiffs argue that "Defendant had a duty to disclose the information to Plaintiffs because Defendant partially disclosed the information to Plaintiffs." Am. Compl. ¶ 23. This partial disclosure came in the form of "fine print *in the Agreement*," which "disclosed the existence of a Container Refresh program." *Id.* ¶ 25 (emphasis added). Plaintiffs' pleadings fail to establish the existence of a duty not based in contract. Thus, Plaintiffs' fraud by nondisclosure claim "flow[s] from" the Agreement, and the claim is barred by the economic loss doctrine. *Fitzgerald v. Chase Home Loans*, Civ. A. No. 4:11-CV-01156, 2012 WL 13047728 (S.D. Tex. Aug. 16, 2012). As to the nature of the claimed loss, Plaintiffs have not indicated that they are seeking any non-economic damages, and the Amended Complaint does not provide support for recovery of damages not based on the Agreement. Therefore, the Court grants Republic's motion to dismiss Plaintiffs' fraud by nondisclosure claim.

### D. *Fraudulent Inducement*

Finally, Republic moves to dismiss Plaintiffs' fraudulent inducement claims for failure to state a claim and for failure to satisfy the strictures of Rule 9(b). "Fraudulent inducement 'is a particular species of fraud that arises only in the context of a contract . . . . That is, with a fraudulent inducement claim, the elements of fraud must be established as they relate to an agreement between the parties.'" *Bohnsack v. Varco, L.P.*, 668 F.3d 262, 277 (5th Cir. 2012) (quoting *Haase v. Glazner*, 62 S.W.3d 795, 798-99 (Tex. 2001)). To state a claim for fraudulent inducement, a plaintiff must establish the elements of fraud: "(1) a material misrepresentation; (2) that is false; (3) when the defendant made the representation, the defendant knew it was false or made the statement without any knowledge of its truth; (4) the defendant intended the plaintiff to rely on the representation, and the plaintiff actually relied on the representation; and (5) the defendant's actions caused an injury." *Kevin M. Ehringer Enters., Inc. v. McData Servs. Corp.*, 646 F.3d 321, 325 (5th Cir. 2011).

As to Republic's first argument–that Plaintiffs "wholly fail to suggest any facts" supporting elements 2, 3, 4, and 5–the Court disagrees and declines to dismiss Plaintiffs' fraudulent inducement claim on this ground. Def.'s Br. 17.

However, the Court agrees with Republic that Plaintiffs failed to plead their fraudulent inducement claim with the level of particularity required by Rule 9(b). Rule 9(b) requires the plaintiff to "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997). For purposes of this analysis, the Court only looks to alleged misrepresentations contained within the Agreement itself. As to any other alleged misrepresentations, Plaintiffs have wholly failed to allege what the contents of such

8

misrepresentations might be, who made them, and when and where they were made. *See, e.g.,* Am. Compl. ¶ 31 (alleging vaguely that "Defendant's sales representatives and account managers[] made misrepresentations of material facts to the Plaintiffs regarding the rates at which Plaintiffs would be charged for the service provided by Defendant . . . ."). Plaintiffs allege misstatements regarding the rate at which they would be charged for the Container Refresh program and the discretionary nature of the program, but they fail to identify the "contents, timing, or circumstances" of those statements. *Hoffman v. AmericaHomeKey, Inc.*, 23 F. Supp. 3d 734, 742 (N.D. Tex. 2014).

With regard to the Agreement itself, Plaintiffs have specifically identified two separate statements. The first is the "ambiguous" nine-dollar charge for Container Refresh services (the "Cost Statement"). The second is the last paragraph of the contract, which describes the Container Refresh program (the "Container Refresh Statement"). It is unclear whether Plaintiffs intend to rely on this statement. However, since it is one of only two statements actually identified in the Amended Complaint, the Court will consider it out of an abundance of caution.

The Court finds that Plaintiffs have failed to adequately allege the circumstances surrounding either the Cost or the Container Refresh Statement. In neither case do Plaintiffs identify the individual making the statement. Nor do they allege why either statement was false. With regard to the Cost Statement, the Court finds that Plaintiffs have failed to plead a claim for fraudulent inducement. Plaintiffs argue in conclusory fashion that "Defendant knew the statements were false when made." Am. Compl. ¶ 32. However, the remainder of Plaintiffs' assertions in support of their fraudulent inducement cause of action belie this argument. Plaintiffs state that "Defendant *ambiguously* set forth the charges to be imposed." *Id.* ¶ 31; *see also id.* ¶ 33. While

such an ambiguity may support a cause of action for breach of contract, it is insufficient to support a claim for fraud.

With regard to the Container Refresh Statement, Plaintiffs have not pointed to any part that is fraudulent or explained why they contend any part to be fraudulent. Upon reviewing the Container Refresh Statement, the Court notes that it says nothing about whether it is a monthly, yearly, or one-time charge, and it does not indicate whether or not participation in the program is voluntary. Again, the "ambiguous language" is insufficient to support a claim for fraud. Am. Compl. ¶ 12.

Ultimately, the Court concludes that Plaintiffs' allegations wholly fail "to ensure that [Republic] has sufficient information to formulate a defense by having notice of the conduct complained of." *Kougl v. Xspedius Mgmt. Co. of Dallas/Fort Worth, L.L.C.*, No. Civ. A. 3:04-CV-2518-D, 2005 WL 1421446, at *5 (N.D. Tex. June 1, 2005). Thus, Plaintiffs' fraudulent inducement claim is dismissed.

## IV. CONCLUSION

For the foregoing reasons, the Court denies the Motion to Dismiss as to Plaintiffs' breach of contract claim. The Court grants the Motion as to Plaintiffs' fraud by nondisclosure and fraudulent inducement claims and dismisses those claims without prejudice. If Plaintiffs wish to file an amended complaint, they must do so by September 24, 2018. If an amended complaint is not filed by this date, only Plaintiffs' breach of contract claim will remain pending before the Court.

**SO ORDERED.**

SIGNED _August 24_, 2018.

_/s/ Karen Gren Scholer_
**KAREN GREN SCHOLER
UNITED STATES DISTRICT JUDGE**